IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERICKY BOGUES, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-23-1334 |
| WARDEN JEFFREY NINES, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

Plaintiff Ericky Bogues, an inmate at North Branch Correctional Facility ("NBCI"), filed this freedom of religion action pursuant to 42 U.S.C. § 1983 against Defendants Warden Jeffrey Nines, Chaplain Kevin Lamp, and Food Service Manager Parrish Kammauf,[1] for failing to honor Bogues' request to receive meals consistent with his Muslim faith. ECF No. 1. Bogues avers that the Defendants' persistent denial of adequate meals during Ramadan violated his First Amendment right to freedom of religion and his Eighth Amendment right to be free from cruel and unusual punishment. *Id.*[2] Defendants move to dismiss the Complaint, or alternatively, for summary judgment to be granted in their favor. ECF No. 12. The matter is fully briefed, and no hearing is necessary. ECF Nos. 14, 17. See Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, the motion, construed as one for summary judgment, will be denied.

---

[1] Counsel identifies the Defendant Food Service Manager as Parrish Kammauf. ECF No. 8. The Clerk will be directed to revise the docket to include the full name of this Defendant.

[2] Defendants suggest that Bogues also alleges a violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA). 42 U.S.C. § 2000cc et seq. ECF No. 12-1 at 12-13. But the Complaint makes no reference to RLUIPA, and Bogues does not ask for any injunctive relief, the only available remedy for a RLUIPA violation. *See Firewalker-Fields v. Lee*, 58 F.4th 104, 113-114 (4th Cir. 2023) *citing Wall v. Wade*, 741 F.3d 492, 496 n.5 (4th Cir. 2014). *See also Sossamon v. Texas*, 563 U.S. 277 (2011) (prohibiting damage claims under RLUIPA against state officials in their official capacity); *Rendleman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009) (same for individual capacity). Accordingly, the Court does not construe the Complaint as alleging a RLUIPA violation.

### I.   Background

Bogues is a practicing Muslim, and he observes the holy month of Ramadan.  ECF No. 1. For Ramadan in 2022, Bogues fasted during the day and ate in the evening.  Although Defendants provided Bogues with an evening meal, according to Bogues, the meal failed to compensate for the loss of nutrition he experienced by fasting during the day.  *Id.* at 3.  Bogues complains specifically that in the evening, he was not given two full meals to make up for the lost lunch time meal.  ECF Nos. 1 at 3, 14-2.  Bogues also contends that at the end of the Ramadan month, Defendants failed to provide the celebratory final meal as required under the institution's Religious Services Policy Manual.  ECF Nos. 1 at 2-3, 14 at 2-3.

The Department of Public Safety and Correctional Services ("DPSCS") Religious Services Manual (the "Manual") commands that if an inmate's meal is missed because of religious observances, "the facility's food services unit shall provide an enhanced meal as to meet the dietary mandated standards that does not include the entire missed meal."  ECF No. 12-4 at 2.  An "enhanced meal" is described as a "dinner meal with additional portions provided to meet the minimum daily nutritional needs during a Religious Observance of fasting."  ECF Nos. 12-3 at 4, 7.  The parties do not dispute that during the fast, Bogues received additional food at night.  ECF No. 12-5.  Defendants also include a short description of food items that Bogue did receive, but no other evidence reflects the nutritional value of the food provided; that these meals qualified as the "enhanced meal;" or that the meals were nutritionally sufficient.

### II.   Standard of Review

Defendants move to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment to be granted in their favor.  Such motions implicate the court's discretion under Rule 12(d). *See Kensington Vol. Fire Dep't., Inc. v. Montgomery Cty.,* 788

F. Supp. 2d 431, 436-37 (D. Md. 2011), *aff'd*, 684 F.3d 462 (4th Cir. 2012). Rule 12(d) provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The court maintains "'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" *Wells-Bey v. Kopp*, No. ELH-12-2319, 2013 WL 1700927, at *5 (D. Md. Apr. 16, 2013) (quoting 5C Wright & Miller, *Federal Practice & Procedure* § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

Bogues was placed on notice that Defendants sought summary judgment in their favor, and he responded by attaching evidence beyond the four corners of the Complaint. ECF Nos. 12, 13, 14. Accordingly, the Court considers the sufficiency of the claims under the summary judgment standard. *See, e.g., Moret v. Harvey*, 381 F. Supp. 2d 458, 464 (D. Md. 2005).

Pursuant to Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 645 (4th Cir. 2002). Importantly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986) (emphasis in original). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting

Fed. R. Civ. P. 56(e)).  A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party.  *Anderson*, 477 U.S. at 249-50.

### III. Analysis

Defendants argue that summary judgment must be granted in their favor on three grounds: First, that Bogues has failed to exhaust administrative remedies.  Second, that the Defendants are entitled to Eleventh Amendment immunity from suit.  And third, that the record construed most favorably to Bogues fails to support a First Amendment violation.  ECF No. 12. The Court considers each argument in turn.

First with regard to exhaustion of remedies, the Prisoner Litigation Reform Act ("PLRA") requires that prior to filing suit in federal court, a prisoner must pursue his claim through all available administrative remedies. 42 U.S.C. § 1997e.  Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, the plaintiff must nonetheless exhaust administrative remedies before this Court will hear the claim.  *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007); *Anderson v. XYZ Corr. Health Servs.,* 407 F.2d 674, 682 (4th Cir. 2005).

Exhaustion requires an inmate to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines."  *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).  But the court must also ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); and an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross v. Blake*, 578 U.S. 632, 636 (2016).  An administrative remedy is not "available" where the prisoner, "through no fault of

4

his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aguilar-Avellaveda*, 478 F.3d at 1225); *see also Kaba*, 458 F.3d at 684.

Maryland inmates have available an administrative grievance process for "inmate complaint resolution." *See generally* Md. Code Ann. (2008 Repl. Vol.), Corr. Servs. ("C.S."), § 10-201 *et seq.;* Md. Code Regs. ("COMAR") 12.07.01.01B(1) (defining ARP). An inmate must first file an Administrative Remedy Procedure ("ARP"), and if denied, he must appeal the denial to the Commissioner of Correction. COMAR 12.02.28.05(D)(1); COMAR 12.02.28.14(B)(5). If the Commissioner finds against the inmate, the inmate next must file a grievance with the Inmate Grievance Office ("IGO"). C.S. § 10-206(a); C.S. § 10-210; COMAR 12.02.28.18. If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. C.S. § 10-207(b)(1); *see also* COMAR 12.07.01.06(B). An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii). Because failure to exhaust is an affirmative defense, the Defendants must prove that the inmate failed to exhaust all available remedies. *See Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).

Viewing the evidence most favorably to Bogues, summary judgment must be denied on this ground. Bogues had filed his ARP with the Warden on April 26, 2022, complaining that he received nutritionally deficient meals during Ramadan. ECF No. 12-3 at 1. The Warden dismissed the ARP on May 6, 2022. Bogues attests that he next filed his appeal to the Commissioner by placing the appeal in the outgoing inmate mailbox, but for reasons beyond his control, the appeal never reached the Commissioner. ECF Nos. 12-1 at 7; 12-6 through 12-8; ECF No. 14 at 10-11; ECF No. 14-4. The record corroborates this attestation. ECF No. 12-6 at 5-6. When Bogues did not receive a response from the Commissioner, Bogues appealed the Warden's decision to the IGO

on July 31, 2022, and reasserted his attempts to first appeal the Warden's decision to the Commissioner. ECF No. 14 at 11: ECF Nos. 12-6 at 4; ECF No. 14-2 at 5. Because Bogues has adduced evidence that his appeal failed to reach the Commissioner through no fault of his own, a reasonable factfinder could conclude that Bogues did not have this remedy available to him; and thus, summary judgment cannot be granted on exhaustion grounds.

Defendants next argue that summary judgment is warranted because they are immune from suit pursuant to the Eleventh Amendment to the United States Constitution. ECF No. 12-1 at 9. Under the Eleventh Amendment, states as well as their agencies and departments are immune from citizen suits in federal court absent consent or statutory waiver. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). State officials sued in their official capacities are considered suits against the State itself. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). By contrast, where a state official is sued for acts taken in his individual capacity, he is not protected by Eleventh Amendment immunity. *Hafer v. Melo*, 502 U.S. 21, 22 (1991).

To determine whether a defendant has been sued in his individual or official capacity, the Court must examine the substance of the pleadings. *Biggs v. Meadows*, 66 F.3d 56, 58 (4th Cir. 1995). Here the pleadings support that Bogues proceeds against Defendants for acts taken in their individual capacities. The Complaint expressly avers that Chaplain Lamp personally failed to ensure Bogues received proper nutrition consistent with Bogues' religious observance of Ramadan. ECF No. 1 at 3. Likewise as to Defendant Food Service Manager Kammauf, Bogues alleges Kammauf was responsible for meeting inmate dietary needs, including Bogues' needs during Ramadan, and that Kammauf failed to meet those needs. *Id.*

As for Warden Nines, the Court recognizes the uncontroversial proposition that a defendant may be held liable under § 1983 for his own acts or omissions. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *see also Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004); and that the Warden cannot be held liable for the acts or omissions of his subordinates unless his own "indifference or tacit authorization of subordinates' misconduct" caused the constitutional injuries. *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). A § 1983 claim survives summary judgment on a supervisory liability theory only where some evidence demonstrates that the supervisor had actual or constructive knowledge that his subordinate's conduct posed a pervasive and unreasonable risk of constitutional injury; that the supervisor failed to respond with deliberate indifference; and an affirmative causal link existed between the supervisor's inaction and the particular constitutional injury that the plaintiff had suffered. *Id.* (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

Viewing the record most favorably to Bogues, the Warden had received notice toward the end of Ramadan of the persistent nutritional deficit in Bogues' evening meals. The Warden nonetheless denied Bogues any relief because Bogues had been given a supplemental meal per the Manual. Although supervisory liability usually does not extend merely because an official had adjudicated a grievance, "if the violation is ongoing and the official has the power to remedy it, then then that official may be liable for a constitutional violation." *Annarelli v. Clarke*, No. 7:20-CV-00261, 2022 WL 4798345, at *13 (W.D. Va. Sept. 20, 2022), *aff'd*, No. 22-7135, 2023 WL 5348337 (4th Cir. Aug. 21, 2023) (internal quotations and citations omitted). Given that the evidence suggests the Warden was responsible for overseeing provision of nutrition to the inmates, knew of Bogues' nutrition during Ramadan, and did nothing to remedy the alleged deficiency, summary judgment as to the Warden must be denied.

Defendants lastly contend that summary judgment should be granted for failure to adduce any evidence on the First Amendment religious freedom claim. Inmates retain a right to reasonable opportunities for free exercise of religious beliefs without facing any punishment as a result. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972) (per curiam). That said, a penal institution may place reasonable restrictions on inmates which may burden the inmate's free exercise of religion when the restrictions are related to legitimate penological objectives. *See Turner v. Safely*, 482 U.S. 78, 89–91 (1987); *Wall v. Wade*, 741 F.3d 492, 499 (4th Cir. 2014) (quoting *Lovelace v. Lee*, 472 F.3d 174, 200 (4th Cir. 2006)). *See also Firewalker-Fields*, 58 F.4th at 115.

Notably, Defendants do not contend that Bogues was denied the claimed religious accommodation in the name of any legitimate penological objectives. To the contrary, Defendants seem to acknowledge that as a practicing Muslim, Bogues was entitled to supplemental nutrition during Ramadan as is plainly stated in the Manual. ECF Nos. 12-1 at 11; 12-4 at 2, 28-29. *See Wall*, 741 F.3d at 498–500. Defendants instead argue that Bogues had been sufficiently fed during the holiday such that they placed no undue burden on his religious freedom. The record at this juncture does not indisputably support this contention.

Defendants append only the Manual and a list of meals that Defendants had provided during Ramadan. ECF Nos. 12-4, 12-5. Alone, this evidence simply reflects that Bogues was fed during the month of Ramadan; but it does not rebut Bogues' specific complaint that Defendants denied him sufficient nutrition during the entire month of the fast, and that he lost weight as a result. Moreover, on Bogues contention that Defendants denied him the final celebratory meal, Defendants offer no proof at all. Accordingly, at this stage in the proceedings, the Court cannot conclude as a matter of law that Defendants did not substantially burden Bogues his religious practice in the provision of inadequate meals during Ramadan. ECF No. 12-1 at 12-13. The

motion for summary judgment is denied.[3]

### IV.     Appointment of Counsel

Because this case will proceed, the Court will also exercise its discretion to appoint counsel for Bogues under 28 U.S.C. § 1915(e)(1). Appointed counsel is proper in exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Exceptional circumstances exist where plaintiff has a "colorable claim" and, considering the claim's objective complexity and his subjective abilities, plaintiff "lacks the capacity to present it." *Jenkins v. Woodard*, No. 22-6197, 2024 WL 3490967, at *4 (4th Cir. July 22, 2024) citing *Whisenant v. Yuam*, 739 F.2d 160, 162 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel). Given that this matter will proceed to discovery on a complex area of constitutional law, the needs of the case are best served by appointing an attorney to represent Bogues.

### V.     Conclusion

Defendants' motion, construed as one for summary judgment, is denied. The Court will appoint pro bono counsel to represent Bogues.

A separate Order follows.

| 8/7/24 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |

---

[3] Defendants also do not argue that summary judgment must be granted on the merits of the companion Eighth Amendment claim so this claim, too, shall proceed.